UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID P. BAKER,

       Plaintiff,

v.                                                         Case No. 1:09-cv-328
                                                         Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
                                              /

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on October 4, 1969 and completed the 12th grade (AR 60, 92, 415).[1] He alleged a disability onset date of February 11, 2004 (AR 60, 79). Plaintiff had previous employment as a Hi lo operator, modular home setter, oil field worker, dry wall finisher, prep cook, dishwasher, and outdoor maintenance worker (AR 95-102). Plaintiff identified his disabling conditions as back problems (2 shattered vertebrae in lower back) and injuries to his left and right knees (AR 85). On August 7, 2009, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits for the period of February 11, 2004 through September 30, 2004, plaintiff's date last insured (AR 11-18). This decision, which was later

---

[1] Citations to the administrative record will be referenced as (AR "page #").

approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

2

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since February 11, 2004, and last met the insured status requirement of the Social Security Act on September 30, 2004 (AR 14). At step two, the ALJ found that prior to the date last insured, plaintiff suffered from severe impairments of: disorders of the back; mild degenerative joint disease of the left knee; and being status post medial meniscus repair (AR 14). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 14).

The ALJ decided at the fourth step that on the date last insured, plaintiff had the residual functional capacity (RFC):

> to perform light work, as defined in 20 CFR 404.1567(b), subject to limitations against more than occasional balancing, kneeling, stooping, crouching, crawling, or climbing; and needs to avoid concentrated exposure to vibrations and hazards, and to periodically alternate sitting and standing.

(AR 14). The ALJ also found that on the date last insured, plaintiff was unable to perform any of his past relevant work (AR 16). At the fifth step, the ALJ determined that through at least the date last insured, plaintiff could perform a significant number of jobs in the national economy (AR 17). Specifically, plaintiff could perform 12,500 jobs in the lower peninsula of Michigan involving light work: self service gas station attendant (5,800 jobs); gate guard (3,500 jobs); information clerk (1,700 jobs); and parking lot attendant (1,500 jobs) (AR 17). Accordingly, the ALJ determined that plaintiff was not under a disability through September 30, 2004, the date last insured (AR 18).

### III. ANALYSIS

Plaintiff, proceeding *pro se*, did not set forth the specific errors of fact or law upon which he seeks reversal or remand as required by the court's Order Directing Filing of Briefs. *See* docket no. 7.[2] However, plaintiff's submissions (docket nos. 11 and 13) have raised the following issues: plaintiff suffers from debilitating pain in his back, both knees, and right shoulder; the physical therapy assessment performed on June 16, 2008, determined that plaintiff can only work part-time (a five-hour workday) (AR 404-11); and the jobs identified by the ALJ are not available in the area where plaintiff lives.

#### A.    Plaintiff's alleged disabling conditions

The ALJ summarized plaintiff's claim as follows:

> The claimant has alleged a disability due to his back, knees and right shoulder. The record [sic] show that he has received injections for his back and had three right shoulder procedures in 1999 and left knee surgeries in 2001 and 2004. He alleges having been limited in walking to 60 feet since 1999. He says he is only able to stand 30-40 minutes, lift 5 to 10 pounds, and sit 30-45 minutes on a good day and that climbing a flight of stairs is a problem. He states that he takes medication for diabetes, blood pressure, cholesterol and pain, currently Norco and Loratabs, and Avenza in the past and that they cause him to perspire a lot.

(AR 15).

The ALJ's review of plaintiff's DIB claim was limited to a seven month period commencing on February 11, 2004 and ending on September 30, 2004. Because "insured status is a requirement for an award of disability insurance benefits," *Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir. 1984), plaintiff cannot be found disabled unless he can establish that a disability existed on or before his last insured date. Evidence relating to a later time period is only minimally probative

---

[2] The court notes that plaintiff was represented by counsel at the administrative level (AR 412).

to this determination. *Jones v. Commissioner of Social Security*, No. 96-2173, 1997 WL 413641 at *1 (6th Cir. July 17, 1997); *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (doctor's report was only "minimally probative" of the claimant's condition for purposes of a DIB claim, where the doctor examined the claimant approximately eight months after the his insured status expired). Such evidence is only considered to the extent it illuminates a claimant's health before the expiration of his insured status. *Jones*, 1997 WL 413641 at *1; *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

The record contains little information regarding plaintiff's condition during the relevant time period. The ALJ noted that plaintiff had x-rays of his knee and spine taken on July 23, 2004. The knee x-rays showed "[s]light narrowing medial compartment left knee and mild degenerative spurring lateral compartment of right knee" (AR 15, 399). The spine x-ray results were summarized as follows:

> There are mild compression deformities of L1 and L2 appearing without significant change since 4-9-02. There is Schmorl's node formation superior end plate of L2 as previously. There is mild narrowing of the L1-2 interspace. There is no evidence of spondylolysis or spondylolisthesis. Visualized portions of sacrum and SI joints are unremarkable.

(AR 400). The reviewing radiologist concluded that plaintiff had "[m]ild chronic anterior wedging of L1 and L2 as described and mild narrowing of the L1-2 interspace" (AR 400). Based on these results, the ALJ determined that plaintiff suffered from severe impairments of "disorders of the back; mild degenerative joint disease of the left knee; and being status post medial meniscus repair" (AR 14). To determine plaintiff's condition as of his date last insured, the ALJ relied upon the RFC assessment of a non-examining DDS physician:

> Reviewing DDS physicians concluded that through the date last insured claimant could perform light and sedentary work (i.e., lift up to 20 pounds

6

occasionally and 10 pounds frequently; stand and/or walk and/or sit for a total of six hours in a normal 8-hour workday), subject [to] limitations against more than occasional balancing, kneeling, stooping, crouching, crawling, or climbing; and a need to periodically alternate sitting and standing as well as to avoid concentrated exposure to vibrations and hazards (Exhibit 10F). This expert evidence under SSR 96-6p is adopted since [sic] consistent with the medical and other evidence.

(AR 16). An ALJ may rely on the opinions of the state agency physicians who reviewed plaintiff's file. *See* 20 C.F.R. § 404.1527(f)(2)(i) (state agency medical consultants and other program physicians are "highly qualified physicians . . . who are also experts in Social Security disability evaluation"); *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004).

In his brief in this appeal, plaintiff bases his disability claim on his testimony, the observations of the state agency representative who initially processed his claim, the vocational expert's testimony and the findings of a physical therapist. At the administrative hearing held in June 2008, plaintiff testified regarding his condition at that time. Plaintiff testified that his back bothers him if he sits or stands more than 30 to 45 minutes at a time, that he can walk only 60 feet and that he can lift 5 to 10 pounds (AR 419). Plaintiff stated that due to the condition of his back and knees, he could not do a number of activities in 2008 that he performed in 2007 (e.g., mow the lawn, move snow, hunt or swim) (AR 423-24, 430). Plaintiff testified that he can only climb down the ten stairs at his parent's house "sometimes" and has problems walking up the stairs, having to "kind of crawl" (AR 426). He cannot sleep through the night, waking up about every two hours due to knee and back pain (AR 427). In addition, plaintiff stated that he could not perform a number of activities during a recent functional assessment, such as squatting, kneeling and crawling (AR 430-31).

Plaintiff sets forth three additional reasons to support his disability claim. First, at his initial interview on April 1, 2005, the agency representative observed that plaintiff "was in terrible back and knee pain throughout the interview" (AR 82). Second, at the administrative

7

hearing, the vocational expert (VE) testified that plaintiff did not have any transferable skills (AR 435). Third, on June 16, 2008, an "assessment therapist" concluded that plaintiff was capable of working only "a 5-hour day of Light work with regular breaks, progressing as tolerated" (AR 404).

Plaintiff's claims are without merit. Neither plaintiff's testimony, nor the other claims raised in his brief, address plaintiff's condition during the relevant time period. At the administrative hearing in June 2008, plaintiff testified as to his condition as it existed nearly four years after his date last insured. Similarly, both the agency representative's observations (made in April 2005) and the therapist's evaluation (made in June 2008) occurred several months (and years) after the date last insured.[3] With respect to the VE's testimony, even though plaintiff did not have any transferable skills, the VE further testified that as of the date last insured, a person with plaintiff's limitations could perform some 12,500 light work jobs in the regional economy (AR 434-35). Accordingly, plaintiff's claim that the ALJ improperly denied him benefits should be denied.

### B. The ALJ identified jobs in the regional economy

Plaintiff lives in Alden, which is located in Antrim County in Michigan's lower peninsula. Plaintiff contends that the ALJ's finding that he could perform 12,500 jobs in the regional economy is erroneous because the jobs are not available in the particular area where he lives. The applicable statutory provision, 42 U.S.C. § 423(d)(2)(A), provides in pertinent part that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, <u>regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would</u>

---

[3] Even if the June 16th evaluation was relevant, it was not an accurate measure of plaintiff's abilities. The ALJ noted that this evaluation was deemed only "conditionally valid" by the assessment therapist, who observed that plaintiff "can physically do more" (AR 16, 404).

<u>be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.</u>

42 U.S.C. § 423(d)(2)(A) (emphasis added).

Plaintiff's claim is without merit. In denying a claim for disability benefits at step five of the sequential evaluation, "[t]he Commissioner is not required to show that job opportunities exist within the local area." *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999). The fact that a Social Security claimant resides several miles from the nearest metropolitan area "is a factor extrinsic to her disability and is not to be considered." *Id.* While the jobs identified by the ALJ and the vocational expert may not exist in plaintiff's immediate neighborhood, substantial evidence supports the ALJ's conclusion that jobs exist in significant numbers in the region to find that plaintiff is not disabled under the Social Security Act. *See, e.g., Johnson v. Secretary of Health and Human Services*, No. 92-1803, 985 F.2d 560, 1993 WL 20548 at *4 (6th Cir. Feb. 1, 1993) (the lower peninsula of Michigan is an appropriate region for purposes of determining whether a significant number of jobs exist in the regional or national economy). Accordingly, plaintiff's claim should be denied.

### C. Sentence Six Remand

Finally, plaintiff has submitted recent medical records, including a letter dated December 17, 2008, from the Michigan Rehabilitation Services and physical therapy notes from October and November 2008 (docket no. 11-2). These records were not viewed by the ALJ, having been generated after the entry of the decision denying benefits (August 7, 2008). When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. §

405(g). *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988) (per curiam).[4] Under sentence six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Good cause" is shown for a sentence-six remand only "if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Secretary of Health and Human Servs.*, 1986 WL 17488 at *2 (6th Cir. Aug. 19, 1986). Furthermore, plaintiff must also demonstrate that the new evidence is material. "In order for the claimant to satisfy this burden as to materiality, he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711.

The records which plaintiff seeks to have included in the administrative record appear related to treatment received in the months following the ALJ's decision denying benefits. Even if plaintiff had good cause for failing to present these records to the ALJ, a sentence-six remand is not appropriate because this evidence is not material. The only evidence relevant to plaintiff's claim is that which sheds light on his medical condition as it existed between February 11th and September

---

[4] Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Commissioner (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Commissioner (sentence-six remand). *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

10

30th, 2004. Records of plaintiff's medical condition from October through December 2008, more than four years after his date last insured, are not relevant to the ALJ's decision denying DIB. Accordingly, plaintiff is not entitled to a sentence six remand to review this new evidence.

### IV. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be affirmed.

Dated: June 22, 2010  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).